**Richmond**

DONNA CAPLE THOMAS

v.

RICHARD WILLIAM THOMAS

No. 0210-90-2

Decided September 10, 1991

COUNSEL

Joseph A. Vance, IV (Roberts, Sokol, Ashby & Jones, on brief), for appellant.

Murray M. Van Lear, II (Scott, Dalton & Van Lear, on brief), for appellee.

OPINION

BENTON, J.—Donna Caple Thomas appeals from the trial judge's monetary award entered upon the dissolution of the parties' marriage. She raises two issues: (1) whether a lump-sum personal injury settlement, which her husband received during the course of the marriage for injuries incurred also during the course of the marriage, is presumptively marital property, and (2) assuming the settlement to be separate property, whether the record demonstrates that the settlement fund was transmuted into marital property. We hold that the personal injury settlement proceeds were marital property.

The husband and the couple's son suffered severe personal injuries in an automobile accident on March 9, 1985. The husband settled his personal injury claim in January 1987 for $493,585.90 plus his attorney's fees. The record does not reflect what portion of the settlement was for economic loss, but it does show that the husband earned $800 per week before the accident totally disabled him. After the accident, the husband began receiving Social Security benefits totalling approximately $1,100 per month. The husband paid $15,000 in medical bills from the settlement funds. The remaining medical expenses were satisfied by the wife's employee health insurance.

When the parties separated on June 13, 1987, the husband had approximately $300,000 of the settlement remaining. Because he did not receive monetary support from his wife, he used a portion of the money for his and the children's support. He loaned $120,000 to a friend upon the friend's oral agreement to repay and $25,000 to another friend, also without a written agreement. The wife filed for divorce on July 8, 1988. Upon decreeing an absolute divorce on February 1, 1990, the trial judge classified the settlement proceeds as the husband's separate property. The wife

received a $55,000 lump-sum monetary award, representing half of the marital estate.

■ We apply the equitable distribution statute as it existed in July 1988, when the wife filed the bill of complaint. *Price v. Price*, 4 Va. App. 224, 230, 355 S.E.2d 905, 908 (1987). In *Smoot v. Smoot*, 233 Va. 435, 357 S.E.2d 728 (1987), the Supreme Court determined that property subject to equitable distribution must be classified as either separate or marital and refused to recognize a hybrid classification. *Id.* at 439-41, 357 S.E.2d at 730-31. "Virginia was the only state [to] follow[] the unitary theory of property." L. Golden, *Equitable Distribution of Property* 298 (B. Turner Supp. 1990).

Our statute contains the following classification definitions:

Separate property is (i) all property . . . acquired by either party before the marriage; (ii) all property acquired during the marriage by bequest, devise, descent, survivorship or gift from a source other than the other party; and (iii) all property acquired during the marriage in exchange for or from the proceeds of sale of separate property, provided that such property acquired during the marriage is maintained as separate property.

\* \* \*

All property . . . acquired by either spouse during the marriage, and before the last separation of the parties . . . is presumed to be marital property in the absence of satisfactory evidence that it is separate property.

Code §§ 20-107.3(A)(1) and (2)(as amended 1988). Separate property does not by its express terms include personal injury settlements. Thus, because of the presumption favoring marital property, the husband bore the burden of proving that the settlement proceeds existing at the time the parties separated were his separate property. *Taylor v. Taylor*, 9 Va. App. 341, 344, 387 S.E.2d 797, 799 (1990).

Interpreting a statutory definition of marital property virtually identical to Virginia's definition, the Illinois Court of Appeals in *In re Marriage of Burt*, 144 Ill. App. 3d 177, 494 N.E.2d 868 (1986), addressed the issue "whether a cause of action for per-

sonal injuries to a party to a dissolution proceeding occurring during the pendency of the proceedings is marital property, in whole or in part, within the meaning" of the statutory definition of marital property.[1] *Id.* at 178, 494 N.E.2d at 869. The court determined that "such a cause of action is marital property in its entirety." *Id.* The court reasoned that nothing in the language defining non-marital property specifically exempted causes of action, personal injury awards, or settlements from the class of marital property classification. *Id.* at 182, 494 N.E.2d at 870-71; *see* Ill. Ann. Stat. ch. 40, para. 503(a)(Smith-Hurd Supp. 1991). *See also In re Marriage of Gan*, 83 Ill. App. 3d 265, 269, 404 N.E.2d 306, 309 (1980)("personal injury settlement does not fit within any of the exceptions to marital property enumerated in the Act" and, therefore, it is presumed to be marital). Our statute mandates the same result.

■ Even if we were to find more persuasive the view that personal injury settlements for those non-economic injuries particular to the injured spouse are more akin to separate property, *see* L. Golden, *supra*, at § 6.26, we cannot ignore the equally persuasive view that awards for economic loss to the marriage — lost wages, medical expenses, and attorney's fees — are marital property. *See id.* at §§ 6.24-6.25. This is not to say that a lump-sum personal injury award preserved in a single corpus will be divided by a court into separate and marital parts with the latter only being subject to equitable distribution. A court must classify an asset as either marital or separate property. *Smoot*, 233 Va. at 439-41, 357 S.E.2d at 730-31. The burden, in this instance, lies on the husband to prove that the settlement funds are entirely separate. Otherwise, they are presumed marital and subject to equitable distribution.[2]

---

[1] We expressly refrain from considering whether a cause of action accruing during the marriage and before separation is property subject to equitable distribution. A claim which has been reduced to a monetary award or settlement, however, is property subject to the equitable distribution statute.

[2] Of course, the classification of marital property does not automatically entitle the uninjured spouse to any predetermined amount of the settlement proceeds. Code § 20-107.3(E) provides:

The amount of any division . . . shall be determined by the court after consideration of . . .

2. The contributions . . . of each party in the acquisition . . . of such marital property of the parties;

6. How and when specific items of such marital property were acquired.

The record contains no evidence as to what exactly the husband's settlement contemplated. The husband established that the awards excluded attorney's fees and medical expenses, except for $15,000 that settled a disputed medical fee. The record demonstrates that the parties' insurance covered the balance of medical payments. Thus, through the process of elimination, the husband attempted to prove the settlement funds consisted only of non-economic damages. Further evidence established that the husband's injuries precluded him from pursuing his regular employment from which he was paid $800 per week. Although he began receiving Social Security benefits, they amounted to a sum substantially less than his pre-accident income. Absent proof that the settlement funds were exclusively for injuries personal to the husband and did not include consideration for economic losses, the factfinder was not reasonably able to conclude that the husband rebutted the statutory presumption.

Because we conclude that the trial judge erred in classifying the settlement proceeds as separate property, we reverse the equitable distribution award and remand the case for a reconsideration of the monetary award consistent with this opinion.

*Reversed and remanded.*

Baker, J., and Cole, J.,* concurred.

---

* Judge Cole participated in the hearing and decision of this case prior to the effective date of his retirement on April 30, 1991 and thereafter by designation pursuant to Code § 17-116.01.