Joseph F. **COOK**, Plaintiff–Appellant,

v.

Pam **JONES**, Darrell Proctor Insurance Service, Inc., Jarvis & Associates, Inc., and Chappell Insurance Agency, Inc., a partnership, d/b/a P.J.C. Insurance, Defendants–Respondents.

No. 19337.

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 7, 1994.

Motion for Rehearing or Transfer to Supreme Court Denied Nov. 29, 1994.

Richard D. Crites, Springfield, for appellant.

Harold F. Glass, Schroff, Glass & Newberry, P.C., Springfield, for respondents.

FLANIGAN, Judge.

This appeal must be dismissed for lack of jurisdiction.

Plaintiff Joseph Cook brought this action against defendant Pam Jones and three other defendants who were allegedly her employers. The action was one for libel, and the case was submitted to the jury on that theory. The jury returned a verdict which found

in favor of plaintiff on his claim against all defendants. The verdict also assessed the damages of plaintiff "for actual damages" at $0. Nine jurors signed the verdict.

The court sent the jury back to the jury room and a colloquy ensued between the court and counsel. The court asked defense counsel if he wanted the court to accept that verdict, and defense counsel answered in the affirmative. The court said: "That's what I am going to do."

Plaintiff's counsel then stated that he objected to the verdict, that the verdict was against the weight of the evidence and was an inconsistent verdict, and that "the law is that they have to find at least nominal damages." He said: "At the very least the jury needs to be reinstructed and sent back to deliberate on the issue of damages, and if that's not the case, I think the court is required to reconvene another jury on the issue of damages alone." The court stated he was going to accept the verdict "as it is," and the jury was discharged.

On October 26, 1993, five days after the jury was discharged, the court entered a judgment which included the following: "Plaintiff shall receive nothing from defendants and judgment is entered in favor of defendants."[1]

Plaintiff filed a motion for new trial "as to damages and punitive damages only." The motion charged certain trial errors with respect to the giving and refusing of instructions and verdict forms. The motion stated that the verdict was "inconsistent" and was "inconsistent with the fifth requirement of the verdict-director, Instruction 6." The motion also stated: "In the alternative, the court should open the judgment and enter judgment for the Plaintiff for $1.00, i.e., nominal damages."

On November 19, 1993, the court entered an "amended judgment" which recited some of the foregoing developments and stated: "After entry of a judgment in favor of defendants, plaintiff filed a post trial motion which (among other things) asked that an amended judgment be entered in favor of plaintiff for $1.00 of nominal damages. Defendants then stipulated that such a judgment should be entered. Accordingly, it is now ordered and adjudged that on plaintiff's first amended petition, plaintiff shall have and recover from defendants the sum of One Dollar ($1.00)."

Plaintiff appeals from the amended judgment.

 This court has a duty to determine whether it has jurisdiction before it addresses issues on appeal, *Shanklin v. Grey Eagle Distributing, Inc.*, 864 S.W.2d 422, 423[2] (Mo.App.1993), and it must consider questions of jurisdiction whether or not raised by the parties. *ABC Fireproof Warehouse Co. v. Clemans*, 658 S.W.2d 28, 30[3] (Mo.banc 1983). Jurisdiction of this court may not be conferred by waiver, silence or consent of the parties. *In re Marriage of DeLeon*, 804 S.W.2d 801, 802[1] (Mo.App.1991).

 The amended judgment, from which plaintiff seeks to appeal, was entered pursuant to an agreement of the parties and is not a judicial determination of rights and cannot be appealed. *Hudson v. Hudson*, 865 S.W.2d 405, 408[7] (Mo.App.1993); *Cheffey v. Cheffey*, 821 S.W.2d 124, 125[1] (Mo.App. 1991); *Shafer v. Auto. Club Inter–Ins. Exchange*, 778 S.W.2d 395, 400[5] (Mo.App. 1989); *Roberts v. Roberts*, 515 S.W.2d 805, 806[2] (Mo.App.1974); *State ex rel. Fletcher v. New Amsterdam Cas. Co.*, 430 S.W.2d 642, 645[7] (Mo.App.1968); *Foger v. Johnson*, 362 S.W.2d 763, 764–765[2] (Mo.App.1962). A party is estopped or waives his right to appeal when a judgment is entered at his request. *Stewart v. Stewart*, 866 S.W.2d 154,

---

1. In *White v. Otten*, 810 S.W.2d 704 (Mo.App. 1991), the court said, at 705:

"Missouri appellate courts have generally treated a verdict in a negligence action which finds defendant negligent but awards no damages as invalid. *Porter v. Mallet*, 596 S.W.2d 451, 452–53 (Mo.App.1980); *Pietrowski v. Mykins*, 498 S.W.2d 572, 579 (Mo.App.1973); *Stroud v. Govreau*, 495 S.W.2d 682, 684 (Mo.App.

1973). Our Missouri supreme court has recognized another line of authority that in such a situation the verdict is in effect a verdict for defendant, but has not resolved the split of authority. *Campbell [v. Kelley*, 719 S.W.2d 769 (Mo.banc 1986)] at 771; *Haley [v. Byers Transportation Co.*, 394 S.W.2d 412 (Mo.1965)] at 415."

158[8] (Mo.App.1993); *State ex rel. Fletcher,* at 645[8].

Appeal dismissed.

SHRUM, C.J., and MONTGOMERY, J., concur.