## CIRCUIT COURT OF STAFFORD COUNTY

Karen Elizabeth Peters et al.

v.

Richard Arnold Madgiasz

January 18, 1995

Case No. (Chancery) 93000349

BY JUDGE JAMES W. HALEY, JR.

The issue here for resolution in this equitable distribution proceeding, apparently one of first impression in Virginia, requires the development of a standard by which to determine whether a pension is a disability pension or a retirement pension.

The parties were married in 1968. Husband became employed at General Electric in 1972. The parties separated in 1984 and were divorced in 1985. By a Property Settlement Agreement incorporated in the divorce decree, the parties agreed to defer the issue of pension rights. In the fall of 1987, Husband was diagnosed with a serious illness. He stopped working in January 1988 and began receiving monthly payments from General Electric in July 1988 in accordance with that company's "Employee Benefits Plan Document." (Ex. 10.) It is agreed Husband was granted early retirement because of disability.

By Exception 3 to a commissioner's report, Husband maintains these monthly payments are for disability incurred post-marriage and are separate property. Conversely, Wife maintains the payments are a retirement pension, a portion of which is a marital share subject to equitable distribution.

No Virginia case was discovered setting forth a standard for determining whether a periodically paid post-work benefit is a disability payment, a retirement payment, or a combination of both. However, the standard used

by the majority of jurisdictions utilizes a "purpose analysis," that is, a court should:

> focus on the nature and purpose of the specific benefits, and . . . separate the benefits into a retirement component, which is classified as marital, and a disability component, which is recipient separate property.

*Equitable Distribution Journal*, Vol. 11, No. 6, June 1994, p. 62. See also, 27C *C.J.S.* "Divorce," § 556(b), N. 56-57, p. 49; 94 A.L.R. 3rd 176, "Pension Rights — Division Upon Dissolution," § 13(d); Representative cases following "purpose analysis" include: *Villasenor v. Villasenor*, 134 Ariz. 476, 657 P.2d 889 (1982); *In re Marriage of Stenquist*, 21 Cal. 3rd 779, 148 Cal. Rptr. 9, 582 P.2d 96 (1978); *Brogdon v. Brogdon*, 530 So. 2d 1064 (Fla. DCA 1988); *Lachney v. Lachney*, 529 So. 2d 59 (La. Ct. App. 1988); *Hudson v. Hudson*, 865 S.W.2d 405 (Mo. Ct. App. 1993); *Duffy v. Duffy*, 132 Wis. 2d 340, 392 N.W.2d 115 (Ct. App. 1986); *In re Marriage of Kollmer*, 73 Wash. App. 373, 870 P.2d 978 (1994).

Husband apparently agrees with a purpose analysis standard. "To the extent that Husband's disability pension is truly retirement benefits, then Wife may have a claim to that portion under Virginia law." (Resp. Brief, p. 8.)

The court finds the "purpose analysis" standard appropriate. Present Code § 20-107.3(H) applies a "purpose analysis" to a personal injury or worker's compensation recovery. See also, *Thomas v. Thomas*, 13 Va. App. 92, 408 S.E.2d 596 (1991).

The sum the Husband receives is based upon the provisions of the General Electric Employee Benefits Plan Document. This document sets forth the various retirement benefits available to employees under the various circumstances of departure from employment. Husband's circumstances are covered on page 149:

> You may retire with a lifetime pension if you become permanently disabled while in the service of the Company, *and have 15 or more years of Pension Qualification Service.*

Husband testified his was "the long term disability plan." (T. 171.) He also referred several times to his "pension." (T. 187.) No evidence was offered by either party attempting to delineate what portion of the monthly sum received was attributable to compensation for past services rendered or compensation for disability incurred.

The Commissioner found as a fact that "the pension being received . . . from General Electric constitutes compensation for his previous services to General Electric and consequently the pension is subject to equitable distribution . . . ." (Comm'r. Rpt. p. 34.)

In *Jarvis v. Tonkin*, 238 Va. 115, 380 S.E.2d 900, 904 (1989), the Supreme Court stated that if a "commissioner's report . . . [is] supported by the evidence . . ." it is error to set the same aside. Here, the Commissioner's finding that the pension was marital property is supported by the evidence.

Moreover, it is clear that "the legislature intended all pensions . . . to be personal property and subject to equitable distribution." *Sawyer v. Sawyer*, 1 Va. App. 75, 78, 335 S.E.2d 277, 280 (1985).[1]

> A pension is a retirement benefit paid regularly, with the amount of such based generally on length of employment and amount of wages or salary of pensioner. It is deferred compensation for services rendered. *Robinette v. Robinette*, 10 Va. App. 480, 485, 393 S.E.2d 629, 632 (1990) (citation omitted), quoted with approval in *Broom v. Broom*, 15 Va. App. 497, 505, 425 S.E.2d 90, 95 (1992).

In *Banagon v. Banagon*, 17 Va. App. 321, 325, 437 S.E.2d 229, 231 (1993), the court stated:

> pension or retirement interests embraced within the statutory marital share are presumptively marital property and the party claiming otherwise must present evidence sufficient to overcome this presumption. See *Stroop v. Stroop*, 10 Va. App. 611, 614-15, 394 S.E.2d 861, 863 (1990).

---

[1] Since a *private pension* is here involved, those cases dealing with various U.S. Government pension/disability payments and exemptions are not relevant. See, *e.g. Lambert v. Lambert*, 10 Va. App. 623, 627, 395 S.E.2d 207 (1990). In *Brinkley v. Brinkley*, 5 Va. App. 132, 361 S.E.2d 139 (1987), the court raised the issue of this exemption for military disability payments, but did not decide the same because of an inadequate record as to the statutory provenance of those payments. But *Brinkley* is of value in the present case in that that court did not feel it necessary to address whether the "Allied Chemical Disability Pension," a private disability pension, was marital personal property subject to equitable distribution. One could therefore conclude that such a private disability pension is subject to equitable distribution.

If Husband maintains all, or a portion, of his periodic payments from General Electric were attributable to his disability, rather than "deferred compensation for services rendered," he had the burden of proof to establish the same. See *Bowers v. Bowers*, 4 Va. App. 610, 617, 359 S.E.2d 546, 551 (1987); *Hodges v. Hodges*, 2 Va. App. 508, 517, 347 S.E.2d 134, 139 (1986). As noted above, no such evidence was offered. Accordingly, the entire payment is subject to equitable distribution.

The Commissioner made the calculation in accordance with Code § 20-107.3(G)(1) to determine the marital share of the pension, and awarded Wife a 50% interest in the same. That percentage promotes a just allocation of this portion of the marital estate and is authorized by Code § 20-107.3(G)(1). See *Primm v. Primm*, 12 Va. App. 1036, 407 S.E.2d 45 (1991).

In light of the foregoing, Exception 3 is overruled.