COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Coleman and Fitzpatrick
Argued at Richmond, Virginia

VAUGHAN MONROE CUNNINGHAM

v.          Record No. 0663-95-2

NOVELLA CUNNINGHAM

MEMORANDUM OPINION[*] BY
JUDGE SAM W. COLEMAN III
JULY 23, 1996

FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
William R. Shelton, Judge

Sharon A. Baptiste (Sylvia Cosby Jones;
Sharon A. Baptiste, P.C.; Sylvia Cosby Jones,
P.C., on briefs), for appellant.

(John E. Dodson; Gordon, Dodson & Gordon, on
brief), for appellee.


Vaughan Monroe Cunningham (husband) appeals the final
divorce decree in which the trial court equitably distributed the
parties' marital property, awarded Novella Cunningham (wife) $500
per month in spousal support and $2,000 in attorney's fees, and
held husband in contempt for wilfully failing to pay $13,050 in
pendente lite spousal support arrears.  For the following
reasons, the decree is affirmed in part and reversed in part, and
the case is remanded to the trial court for further proceedings.

**EQUITABLE DISTRIBUTION**

(1)  The trial court erred by failing to correctly calculate
the marital share of husband's military retirement, and by
awarding wife forty-five percent of husband's gross retirement

---

[*] Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

benefits.

When equitably distributing retirement benefits, the trial court shall classify the "marital share" of retirement or pension benefits as "marital property."  Code § 20-107.3(A)(3)(b). "'Marital share' means that portion of the total interest, the right to which was earned during the marriage and before the last separation of the parties, if at such time or thereafter at least one of the parties intended that the separation be permanent." Code § 20-107.3(G)(1); see Gamer v. Gamer, 16 Va. App. 335, 342, 429 S.E.2d 618, 624 (1993).

In this case, the evidence showed that the parties were married for eighteen of the twenty-one years that husband served in the military.  At the time of the divorce, he had retired and was receiving monthly retirement benefits.  Based on the eighteen of twenty-one years ratio, the marital share of husband's $1,056 monthly retirement payment is $905.14, of which wife is entitled to no more than fifty percent or $452.57.  Code § 20-107.3(G)(1). However, rather than calculate the marital share, the trial court awarded wife forty-five percent of husband's "gross military retired pay," which amounts to $475.20 per month. (Emphasis added).

The wife contends the error is insignificant and harmless. Because the error deprived the husband of the monthly retirement funds to which he is entitled, the error is not harmless. Therefore, we reverse the equitable distribution award and remand

- 2 -

the case for the trial court to determine the marital share of husband's military retirement benefits in accordance with Code §§ 20-107.3(A)(3)(b) and 20-107.3(G)(1), and to adjust the equitable distribution award accordingly.

(2) The trial court erred by awarding wife fifty percent of the $13,000 in retirement benefits husband earned during his employment with the Commonwealth of Virginia because the portion of the retirement proceeds that were earned after the parties separated are the husband's separate property.

Retirement benefits earned after spouses have last separated, with the intent to remain permanently separated, are not marital property and, therefore, not subject to equitable distribution. Code § 20-107.3(G)(1); Price v. Price, 4 Va. App. 224, 231-32, 355 S.E.2d 905, 909 (1987). Consequently, the trial court erred by awarding wife fifty percent of the entire $13,000 of husband's state retirement contributions. The parties separated permanently in July 1989, but the husband continued to contribute his separate property to the retirement plan after July 1989 until 1992. Therefore, the equitable distribution decree awarded wife more than fifty percent of the marital share of the husband's state retirement proceeds. We reverse this aspect of the equitable distribution award and remand the case for the trial court to determine the marital share of the husband's contributions to the state retirement plan in accordance with Code § 20-107.3(G)(1), and to adjust the

equitable distribution award accordingly.

(3) The trial court did not err by awarding wife fifty percent of the personal injury settlement that husband received for a back injury he sustained prior to July 1989 when the parties last separated.

The portion of a personal injury settlement "attributable to lost wages or medical expenses to the extent not covered by health insurance accruing during the marriage and before the last separation of the parties" is marital property and is subject to equitable distribution. Code § 20-107.3(H). However, the owner of the settlement has the burden of proving the amount of the settlement that is attributable to lost wages and medical expenses. See Thomas v. Thomas, 13 Va. App. 92, 95, 408 S.E.2d 596, 598 (1991).

Husband received approximately $13,000 from a settlement for a back injury that he suffered in the course of his employment with the state. He testified that a portion of the settlement represented pain and suffering, but he could not recall and did not prove the specific amount allocated for his non-economic injury. He stated that it was "very little." The evidence is not sufficient to prove that a specific amount of the settlement was attributable to husband's damages for other than lost wages and medical expenses. Accordingly, the trial court did not err and we affirm the equitable distribution award to the wife of fifty percent of the husband's personal injury settlement.

- 4 -

(4)  The trial court found that husband and wife incurred federal and state tax liabilities during certain years of the marriage during which wife did not work, and that it was husband's obligation to file income tax returns for those years.  The trial court did not err by refusing to credit husband for the delinquent tax payments that he made to satisfy their tax liabilities after they were separated.

Although income tax debts incurred during the marriage are generally classified as marital debt, a trial court does not abuse its discretion by holding that a spouse who did not have earnings and who did not create the liability should not be held liable for a late filing penalty.  See Brett R. Turner, Equitable Distribution of Property § 6.29, at 457 (2d. ed. 1994).  The trial court did not err by refusing to give husband credit for a portion of the tax debt when the entire tax obligation was incurred by the husband.

## SPOUSAL SUPPORT

Code § 20-107.1(8) provides that when determining spousal support a trial court shall consider the "provisions made with regard to the marital property under Code § 20-107.3." Accordingly, because we are reversing and remanding "provisions made with regard to the [equitable distribution of] marital property," we necessarily must remand the issue of spousal support for reconsideration.  See Brinkley v. Brinkley, 5 Va. App. 132, 141-42, 361 S.E.2d 139, 143-44 (1987).

Notwithstanding, because the trial court will necessarily confront on remand certain spousal support issues that the parties raise on appeal, we address those issues:

(1) We hold that the trial court erred to the extent that it based the wife's $500 per month spousal support award, in whole or in part, on the husband's portion of the marital share of his military retirement pension.

"Whether spousal support should be paid is largely a matter committed to the sound discretion of the trial court, subject to the provisions of Code § 20-107.1." McGuire v. McGuire, 10 Va. App. 248, 251, 391 S.E.2d 344, 347 (1990). Code § 20-107.1(1) expressly provides that in setting spousal support the trial court shall consider a party's financial resources, including income from "all pension, profit sharing or retirement plans, of whatever nature." However, the trial court must apply the provisions of Code § 20-107.1(1) in conjunction with the provisions and limitation imposed by Code § 20-107.3(G)(1), which prohibits awarding a spouse in excess of "fifty percent of the marital share of cash [retirement] benefits actually received by the party against whom such award is made."

> The court may direct payment of a percentage of the marital share of any . . . retirement benefits, whether vested or nonvested, which constitutes marital property and whether payable in a lump sum or over a period of time. . . . No such payment shall exceed fifty percent of the marital share of cash benefits actually received by the party against whom such award is made.

Id. Although Code § 20-107.3(G)(1) by its terms applies to equitable distribution, and not to spousal support, the clear purpose of the provision is to ensure that a person who has contributed to a retirement or pension plan shall be guaranteed at least fifty percent of the marital share of retirement benefits actually received in a divorce proceeding. The trial court cannot indirectly exceed the fifty percent limitation on the equitable division of the marital share of retirement benefits by basing the spousal support award, in part, upon the husband's marital share of his pension.

As previously noted, when the trial court awarded wife forty-five percent of the husband's "gross military retired pay," the court already exceeded the limitation imposed by Code § 20-107.3(G)(1). The trial court further exceeds the fifty percent limitation to the extent that it based the spousal support award, in whole or in part, upon the husband's remaining portion of the marital share of his military retirement.

The evidence proved that the husband had monthly income of $724 as a minister. He also had $1,056 per month in military retirement benefits, of which he was ordered to pay $475.20 to wife under the equitable distribution award. His assets consisted of his equitable distribution award of $8,500 for one-half the equity from the marital residence, his $6,500 for one-half of his contributions in Virginia retirement benefits, and his $6,500 for one-half of his personal injury award.

Although Code § 20-107.1(1), (7), and (8) expressly provide that the trial court shall consider the parties' incomes from pensions; their real and personal property interests; and the provisions from the equitable distribution award in determining spousal support, the limitation of Code § 20-107.1(G)(1) prohibits an award that, to the extent it is based on a party's cash retirement benefits actually being received, will exceed fifty percent of the husband's marital share of "cash benefits actually received by the party against whom such award is made."

Although we cannot say with assurance from this record that the spousal support award of $500 per month was based upon the remaining fifty percent of the husband's cash retirement benefits, on remand the court must take Code § 20-107.1(G)(1) into consideration. It does not appear that the trial court based the monthly spousal support award upon husband's equitable distribution award from his equity in the marital residence, his share of his state pension contributions, or his share of the personal injury award. The court had equally divided those assets and no evidence proved the husband's share generated income sufficient to pay the monthly award or that the court intended that husband would be required to liquidate his resources for that purpose. See Code § 20-107.1(7); L.C.S. v. S.A.S., 19 Va. App. 709, 715-17, 453 S.E.2d 580, 583-84 (1995). Furthermore, the court did not base the spousal support award, in any degree, upon husband's separate property because, as

previously noted, the court did not determine his separate interest in either his military retirement or his post-separation contributions to his state pension. Because the $724 per month received as a minister would not have supported a spousal support award of $500,[1] the record indicates that the award may have been based, at least in part, upon husband's monthly cash retirement benefits, and to that extent would exceed the fifty percent limitation of Code § 20-107.1(G)(1). In reconsidering spousal support on remand, the trial court shall consider the limitation imposed by Code § 20-107.1(G)(1).

(2) The trial court did not err by finding husband in contempt for failing to pay the court ordered pendente lite spousal support, which appellant concedes is in arrears.

A party is in contempt of a court's order to pay spousal support only when the party fails or refuses to pay the obligation "in bad faith or [in] willful disobedience of [the court's] order." Alexander v. Alexander, 12 Va. App. 691, 696, 406 S.E.2d 666, 669 (1991) (quoting Carswell v. Masterson, 224 Va. 329, 332, 295 S.E.2d 899, 901 (1982)). Where the evidence shows a party's failure to pay spousal support, the offending party "has the burden of proving justification for his or her

---

[1] Assuming that the trial court relied solely on husband's income from his church activities in determining spousal support, ordering husband to pay $500 per month when his income was $724 per month, without explanation, constitutes a clear abuse of discretion on this record. See Gamble v. Gamble, 14 Va. App. 558, 574, 421 S.E.2d 635, 644 (1992).

failure to comply."  Id.

Here, the pendente lite support order required husband to pay wife $900 per month.  Husband concedes that he did not comply with the court's order and that the accumulated arrearage is $13,050.  Husband contends, however, that he was unable to pay the support obligation because his wages were subject to a tax levy beginning in April 1992, and he left his job with the state in 1992 for medical reasons.  During the period between 1989 and 1992 that the pendente lite support order was in effect, husband was receiving the full monthly benefits from his military retirement, his income from his pastoral activities, the state retirement proceeds, and the personal injury settlement.  On these facts, he had funds available to pay the support obligation.  The trial court did not err by finding that the defendant wilfully failed to pay support as ordered.  The contempt citation was "not plainly wrong [or] without evidence to support it."  Id.  Furthermore, the court did not abuse its discretion by requiring husband to immediately pay the arrearage in order to purge the contempt; the order was remedial in nature.  See Rainey v. City of Norfolk, 14 Va. App. 968, 974, 421 S.E.2d 210, 214 (1992).

**ATTORNEY'S FEES**

The trial court has discretion to award attorney's fees that are reasonable "under all of the circumstances revealed by the record."  Gamer, 16 Va. App. at 346, 429 S.E.2d at 626 (quoting

_Ellington v. Ellington_, 8 Va. App. 48, 58, 378 S.E.2d 626, 631 (1989)).  Here, the record shows that wife incurred attorney's fees of at least $3,281.50.  Therefore, the trial court did not abuse its discretion by awarding wife $2,000 in attorney's fees.

For these reasons, the decree appealed from is affirmed in part and reversed in part, and the case is remanded for further proceedings consistent with this opinion.

<u>Affirmed in part,
reversed in part,
and remanded.</u>