Van GIBBS and Shirley Gibbs, Plaintiffs–Respondents,

v.

Billy Joe McCLAIN and Brenda McClain, Defendants–Appellants.

No. 21787.

Missouri Court of Appeals, Southern District, Division Two.

Feb. 11, 1998.

Motion for Rehearing or Transfer Denied March 5, 1998.

Billy Joe McClain and Brenda McClain, Dexter, pro se.

C.H. Parsons, Jr., Mary L.D. Griffith, Dexter, for plaintiffs–respondents.

MONTGOMERY, Chief Judge.

Defendants appeal pro se from an order of dismissal entered July 2, 1997, based upon a Stipulation for Dismissal with Prejudice earlier filed and executed by attorneys for both parties. The appeal must be dismissed for lack of jurisdiction.

On January 13, 1995, Plaintiffs filed a petition in two counts against Defendants. Count I prayed for an order setting aside a deed of release fraudulently obtained and recorded by Defendants covering real property on which Plaintiffs allegedly held a valid note and deed of trust. Count II prayed for a judgment against Defendants based on the note described in Count I. Subsequently, Defendants' attorney filed an amended answer and counterclaim which requested a declaratory judgment "as to what amount, if any, Defendants owe Plaintiffs" on said note.

On June 19, 1997, the attorneys for both parties filed a Stipulation for Dismissal with Prejudice. This pleading was executed by both attorneys.[1] The stipulation recited that all claims between the parties had been compromised and settled, including Defendants' counterclaim, and that all claims "should be dismissed with prejudice." The stipulation further recited that Plaintiffs would execute a deed of release in favor of Defendants and that Defendants had paid into court the sum of $12,222 which the clerk was authorized to pay over to Plaintiffs. Defendants' brief confirms they paid the aforesaid sum to Plaintiffs, and they do not dispute that Plaintiffs gave them a deed of release.

In a motion taken with the case, Plaintiffs urge dismissal of this appeal. Plaintiffs claim that a voluntary stipulated dismissal by the parties is not appealable and that Defendants are not aggrieved parties. The motion is well taken.

Section 512.020, RSMo 1994, provides for the right of appeal. *See* Rule 81.01.[2] "Fundamental to that right is that the party be aggrieved by the judgment from which he appeals." *Eakright v. Eakright*, 689 S.W.2d 799, 800 (Mo.App.1985). "A party is not aggrieved when the court grants all of the relief sought." *Id.*

Here, the parties dismissed their claims against each other with prejudice as allowed by Rule 67.02(a) and (c). The trial court entered an order granting the relief requested. "A party is estopped or waives his right to appeal when a judgment is entered at his request." *Cook v. Jones*, 887 S.W.2d 740, 741 (Mo.App.1994).

In *Cook*, plaintiff appealed after the parties had agreed to the entry of an amended judgment. We held that plaintiff could not appeal from the amended judgment because it was entered pursuant to an agreement of the parties and was not a judicial determination of the parties' rights. *Id.*

Like the appellant in *Cook*, the Defendants here seek to appeal from an order entered pursuant to an agreement of the parties. The order of dismissal was not a judicial determination of the parties' rights and cannot be appealed.

Appeal dismissed.[3]

PARRISH, P.J., and BARNEY, J., concur.

---

1. Defendants changed attorneys several times during the course of this litigation.

2. Rule references are to Missouri Court Rules (1997).

3. Plaintiff's Motion for Damages for Frivolous Appeal is denied.