COURT OF APPEALS OF VIRGINIA


Present:   Judge Clements, Senior Judges Willis and Annunziata
Argued at Alexandria, Virginia


WILLIAM G. STEAKLEY

MEMORANDUM OPINION[*] BY
v.        Record No. 2912-04-4        JUDGE ROSEMARIE ANNUNZIATA
FEBRUARY 21, 2006

EILEEN R. STEAKLEY


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Leslie M. Alden, Judge

Michael A. Ward for appellant.

David L. Duff (The Duff Law Firm, on brief), for appellee.


William Steakley (husband) appeals the trial court's equitable distribution and spousal

support awards to Eileen Steakley (wife) in the final decree of divorce.  Husband contends the

trial court erred by (1) classifying the personal injury settlement proceeds received by husband as

marital property, (2) granting a monetary award to wife in the amount of $79,485, (3) awarding

wife permanent alimony in the amount of $1,900 per month, (4) finding that wife was not

voluntarily unemployed and in refusing to impute income to her, (5) determining that wife was

entitled to 40% of the proceeds of the sale of the former marital residence, (6) refusing husband's

request to award him joint title to the former marital residence by allowing him to purchase

wife's interest in the property, (7) finding that husband is solely responsible for the expenses

associated with the former marital residence until the property is sold, (8) awarding wife 50% of

husband's civil service retirement system pension, (9) failing to equitably divide wife's interest

in the United Airlines ESOP Plan and Defined Benefits Plan, and in awarding husband 50%

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

interest in the marital share of those retirement assets, and (10) failing to divide the $10,287 of cash value on wife's life insurance policy equitably between the parties. Wife seeks an award of appellate attorney's fees and costs. We affirm the trial court's ruling on classifying the personal injury settlement as marital property. We find the remaining issues are procedurally defaulted. We award wife reasonable attorney's fees and costs, and remand this matter to the trial court to determine those fees and costs.

## I. PROCEDURAL HISTORY

During husband's appeal from the divorce proceeding, wife filed a Suggestion in Bankruptcy, bringing to the Court's attention that husband filed a Petition for Bankruptcy on March 7, 2005. By filing the petition, husband became a "debtor" under federal bankruptcy law. 11 U.S.C. § 101(13); Bogart v. Bogart, 21 Va. App. 280, 286, 464 S.E.2d 157, 159 (1995). Wife's divorce proceeding against the defendant husband, including husband's appeal, was automatically stayed under 11 U.S.C. § 362(a)(1). Platinum Fin. Servs. Corp. v. Byrd, 357 F.3d 433, 440 (4th Cir. 2004) ("The plain language of § 362 stays appellate proceedings in actions originally brought against the debtor, even when it is the debtor who files the appeal.").

Before we could consider husband's argument that the appeal could continue despite the stay, the United States Bankruptcy Court for the Eastern District of Virginia lifted the stay on January 6, 2006. We now address the merits of the appeal.

## II. DEFAULTED ISSUES

Husband either presents no authority to support questions two through five and seven through ten, or fails to cite to the record where he preserved these issues for appeal. "Statements unsupported by argument, authority, or citations to the record do not merit appellate consideration. We will not search the record for errors in order to interpret appellant's contention and correct deficiencies in a brief." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415

S.E.2d 237, 239 (1992); see also Rule 5A:18; Rule 5A:20(e) (requiring appellants to brief the "principles of law, the argument, and the authorities relating to each question presented").

In his sixth question presented, husband contends on brief that the trial court erred in denying his motion to retain the marital residence. He claims that keeping the residence would be necessary to "provide stability and continuity" for his minor child who has significant developmental disabilities, and would allow the child to stay in his school and to participate in school activities. Because husband raises these arguments for the first time on appeal, we will not consider them. Rule 5A:18; Buck v. Jordan, 256 Va. 535, 545-46, 508 S.E.2d 880, 885-86 (1998) ("We have repeatedly refused to consider issues or objections raised for the first time on appeal."). Accordingly, the issues raised in questions two through ten are procedurally defaulted and we need not address them.

### III. PERSONAL INJURY SETTLEMENT

Husband contends the trial court erred by classifying the personal injury settlement proceeds he received as marital property. We disagree.

The trial court found that,

> the [husband] . . . failed to demonstrate the amount, if any, of such personal injury settlement funds which was attributable to his non-economic loss, and has failed to adequately retrace any of the existing funds to such alleged amount. Accordingly, any funds currently in existence which the [husband] claims to have originated from his personal injury settlement constitutes marital property and shall be divided as set forth hereinafter.

When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party below, granting it the benefit of any reasonable inferences. Wright v. Wright, 38 Va. App. 394, 398, 564 S.E.2d 702, 704 (2002).

Viewed in this light, the following facts are relevant to this issue. In February 1993, husband was involved in an automobile accident during the course of his employment with the

- 3 -

federal government. He suffered numerous spinal injuries and was placed on permanent

disability. In August 1995 husband was awarded a $500,000 personal injury settlement. After

the U.S. Department of Labor retained $119,000 for medical expenses and compensation paid to

husband, husband received the remainder of the settlement proceeds in the amount of $381,000.

He claims this entire amount reflected his non-economic loss, and was therefore his separate

property.[1]

Husband's testimonial and documentary evidence supports the contrary conclusion.

Husband testified the settlement amount was based on the salary that he would have received

over the course of his projected seventeen-year working career. Clearly, settlement proceeds

reflecting lost salary do not constitute non-economic loss. Furthermore, a worksheet from the

Department of Labor admitted into evidence, upon which husband relies to support his

contention, fails to show any division of the settlement proceeds into economic and

non-economic loss.[2]

---

[1] We assume without deciding that husband's underlying premise -- compensation for non-economic loss arising from a personal injury award constitutes separate property -- is sound. Code § 20-107.3(H) provides only that "the court may direct payment of a percentage of the marital share of any personal injury . . . recovery." The "marital share"

> means that part of the total personal injury . . . recovery
> attributable to lost wages or medical expenses to the extent not
> covered by health insurance accruing during the marriage and
> before the last separation of the parties, if at such time or thereafter
> at least one of the parties intended that the separation be
> permanent.

Code § 20-107.3(H). While the statute implies that the recovery not due to lost wages or medical expenses would not belong to the "marital share," we have never decided the issue whether the non-marital share would necessarily be classified as separate property. "Property subject to equitable distribution must be classified as either separate or marital," Thomas v. Thomas, 13 Va. App. 92, 95, 408 S.E.2d 596, 598 (1991), and property acquired during the marriage is presumptively marital, Code § 20-107.3(A).

[2] Absent this proof, husband's argument he was able to successfully trace funds from the personal injury settlement to his various present day accounts is moot.

Our standard of review is well established.  Viewing the evidence in the light most favorable to wife, and applying the principle that the trier of fact determines both credibility and weight of the evidence, we conclude the trial court did not err in finding that husband failed to prove what share of the proceeds of the personal injury claim was non-economic loss and separate property.  Swanson v. Commonwealth, 8 Va. App. 376, 378-79, 382 S.E.2d 258, 259 (1989).  The trial court's findings of fact are binding on this Court unless "plainly wrong or without supporting evidence."  Rose v. Jaques, 268 Va. 137, 138, 597 S.E.2d 64, 70 (2004).  We will not disturb that ruling on appeal.

## IV.  ATTORNEY'S FEES AND COSTS

Wife petitions the Court for an award of attorney's fees incurred in responding to husband's appeal.

> The rationale for the appellate court being the proper forum to determine the propriety of an award of attorney's fees for efforts expended on appeal is clear.  The appellate court has the opportunity to view the record in its entirety and determine whether the appeal is frivolous or whether other reasons exist for requiring additional payment.

O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996).  When the appellate court determines that an appeal lacks merit, the case is remanded to the trial court to award reasonable attorney's fees incurred while defending the appeal.  Miller v. Cox, 44 Va. App. 678, 688-89, 607 S.E.2d 126, 133 (2005).

Upon our review of the record, we find husband's challenges to the trial court's award of spousal support to be wholly without merit both in law and fact.  Accordingly, we direct the trial court on remand to award wife the reasonable attorney's fees she incurred defending husband's appeal of those issues.  Husband's request for an award of attorney's fees on appeal is denied.

## V.  CONCLUSION

For the reasons stated, we affirm the trial court's ruling that the entire personal injury settlement belonged to the marital share.  We find husband's remaining issues are procedurally defaulted.  Finally, we remand the matter to the court below for an award of attorney's fees to wife as outlined in this opinion.

<u>Affirmed and remanded.</u>