**Norfolk**

EDWARD J. PRIMM

v.

DENISE OTERO PRIMM

No. 1797-90-1

Decided July 30, 1991

COUNSEL

Robin L. Tolerton, for appellant.

William B. Smith (Pender & Coward, on brief), for appellee.

OPINION

MOON, J.—Edward J. Primm seeks reversal of a decree awarding his wife twenty-five percent of the marital share of his pension benefits as long as he receives them. He argues that it was error not to set a cap of twenty-five percent of the pension's stipulated present value as to the amount she ultimately receives. We hold that the award was proper since it limited Mrs. Primm to no more than twenty-five percent of the marital share of the pension benefits received.

The parties were married in 1971. Subsequent to the marriage, Mr. Primm became employed with the United States Department of Defense and there remained employed throughout the marriage. He will not begin to draw his pension for a number of years. The parties stipulated that as of the date of separation, May 7, 1985, the present value of the pension was $21,361.51. The trial court's order provided that Mrs. Primm would receive a pro rata portion of twenty-five percent of the marital share of the pension benefit payments for as long as Mr. Primm receives them without any limit on the total amount. Her proportion would be based upon the number of years that the parties were married up until the separation, in relation to the total number of years that Mr. Primm was employed and had contributed to the retirement plan. To fashion the award, the trial judge used the following formula:

Payments are to be made as long as they are received, without cap on the total amount; and, the marital share will consist of a fraction in which the numerator is the number of years respondent was employed from the date of the marriage to the date of the final separation of the parties (November, 1973 [start of employment] to May 7, 1985, (final separation) = 11.5 years) and the denominator is the number of years the respondent will have been employed upon the date of his retirement (November, 1973 to date of retirement);

██ Code § 20-107.3(G), effective when the suit was filed, provided:

> The Court may direct payment of a percentage of pension, profit sharing or retirement benefits, whether vested or nonvested, payable in a lump sum or over a period of time and only as such benefits are payable. No such payment shall exceed fifty percent of the cash benefits actually received by the party against whom such award is made.

Thus, authority for awarding a percentage share of a pension, without a limit, save for the fifty percent limitation, is plainly granted by the statute. The structuring of this award is also consistent with the decision in *Zipf v. Zipf*, 8 Va. App. 387, 382 S.E.2d 263 (1989).

In *Zipf*, the panel held that the trial court erred by fixing the percentage at a sum certain in dollars when payments would be made in the future. The panel reasoned that after the trial court had determined that the wife was entitled to twenty-five percent of the present value of the marital share of the pension, the trial court should have ordered the payment of a fixed percentage of the benefits as received. The court noted that $70,000, twenty-five percent of the $280,000 present value, paid in the future is not the same as $70,000 at the time of the order. *Id.* at 397, 382 S.E.2d at 268-69. It is only fair that both parties share in the increased value of the pension. There can be no justification for Mr. Primm receiving the increase in value of his seventy-five percent share as well as any increase in Mrs. Primm's twenty-five percent share.

██ Appellee claims this award does not comply with *Zipf* because no consideration was given to the present value of the pension. In *Zipf*, the panel said:

> The present value calculation serves two important functions. First it provides the trial judge with an informational-based figure to assist in calculating the amount of the award. In addition, the present value of a pension would be useful information for the "party against whom a monetary award is made," who might wish immediately to "satisfy the award, in whole or in part, by conveyance of property, subject to the approval of the Court."

*Id.* at 397-98, 382 S.E.2d at 269. Appellant argues that the second function noted in *Zipf* cannot be accomplished in this case without a cap being placed on the award, and the cap should be $5,340.38, twenty-five percent of the present value. We do not read the holding in *Zipf* as requiring that a specific dollar cap must be stated so that a party may satisfy the award, in whole or in part, by conveyance of property, subject to the approval of the court. That observation applied to the facts of the *Zipf* case and other cases similar to *Zipf,* where, unlike here, the husband was already receiving his pension. As the panel noted, "A present value calculation is of *direct* use only when payment of the portion of the monetary award attributable to the pension is to occur immediately rather than over a period of time." *Id.* at 397, 382 S.E.2d at 268.

The judgment is affirmed.

*Affirmed.*

Barrow, J., and Coleman, J., concurred.