COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judges Baker, Benton, Coleman,
     Willis, Bray, Fitzpatrick, Annunziata and Overton
Argued at Richmond, Virginia


WILLIAM J. FAHEY
                                        OPINION BY
v.   Record Nos. 2477-95-4 and     JUDGE RICHARD S. BRAY
               2773-95-4              FEBRUARY 25, 1997

MARY LUCRETIA FAHEY


UPON A REHEARING EN BANC

FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
Benjamin N. A. Kendrick, Judge

David D. Masterman (Cheryl K. Graham; Condo &
Masterman, P.C., on brief), for appellant.

Stephen G. Cochran (Cochran & Rathbun, P.C.,
on brief), for appellee.


William J. Fahey appeals an order which amended an existing

qualified domestic relations order (QDRO) relating to the

distribution of Mr. Fahey's Keogh plan.  By unpublished opinion

dated July 23, 1996, a panel of this Court concluded that the

court was without jurisdiction to modify the prior order and

reversed the amended QDRO.  Upon rehearing en banc, we concur in

the panel decision and reverse the amended QDRO.

The parties were divorced by a decree of the trial court

entered July 26, 1993, which reserved equitable distribution for

subsequent adjudication.  Thereafter, on July 28, 1994, the

parties executed a property settlement agreement (agreement)

which was incorporated into a consent order dated August 31,

1994.

Mr. Fahey owned three Keogh accounts, valued by the agreement at $214,000, and the terms of the agreement required him to "promptly arrange to transfer to [Mrs. Fahey] one-half (½) of each of these accounts . . . [,] pursuant to a Qualified Domestic Relations Order, if requested by either party."  When a dispute arose with respect to the accounts, Mrs. Fahey moved the court for a QDRO on February 3, 1995.  The parties thereafter agreed to a QDRO for each account, and related consent orders were entered on June 6, 1995.  Two of the accounts were later divided in accordance with the respective QDRO, but the third account, the "IDEX" plan, is the subject of this appeal.

The QDRO distributing the IDEX assets allotted "one-half of the accrued value of the Plan as of July 28, 1994," the date of the agreement, to Mrs. Fahey, and neither party appealed that order.  In September 1995, the administrator of the IDEX plan divided the assets in-kind rather than in accordance with the agreed value.  Because the account had increased in value by one-third since the July 28, 1994 valuation date, Mr. Fahey objected to an in-kind division.  Mrs. Fahey countered that the administrator had acted properly and moved the court for entry of the amended QDRO in dispute, which assigned to her "one-half of the shares of the Plan as of July 28, 1994, together with any appreciation or depreciation that has accrued since that time until the time of distribution."

It is uncontroverted that Mrs. Fahey did not request an amendment of the original QDRO within twenty-one days of its

entry and did not appeal such order to this Court. Thus, the original QDRO would, ordinarily, have become final prior to the disputed amendment. See Rule 1:1; see also Rook v. Rook, 233 Va. 92, 94-95, 353 S.E.2d 756, 758 (1987). However, the court is permitted to "[m]odify any order . . . intended to affect or divide any pension, profit-sharing or deferred compensation plan or retirement benefits . . . to revise or conform its terms so as to effectuate the expressed intent of the order," Code § 20-107.3(K)(4), provided such modification is "consistent with the substantive provisions of the original decree" and not "simply to adjust its terms in light of the parties' changed circumstances." Caudle v. Caudle, 18 Va. App. 795, 798, 447 S.E.2d 247, 249 (1994).

Here, the manifest intent of the original order was to allot Mrs. Fahey one-half of the value of the IDEX account on July 28, 1994. We recognize that this method of division later disfavored her because the account increased in value, but the court was without authority to substantively modify its order simply to redress this changed circumstance. See Code § 20-107.3(K)(4); Caudle, 18 Va. App. at 798, 447 S.E.2d at 249; see also Newsome v. Newsome, 18 Va. App. 22, 26, 441 S.E.2d 346, 348 (1994). Accordingly, we reverse the amended QDRO and direct the trial court to decree distribution of the IDEX assets pursuant to the original QDRO.

Reversed and remanded.