COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Coleman and Overton
Argued at Salem, Virginia


GLENN EDWARD WISDOM

MEMORANDUM OPINION[*] BY
v.          Record No. 0368-97-3          JUDGE NELSON T. OVERTON
                                          JANUARY 13, 1998
FAITH WISDOM (HYLER)


            FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
                    William N. Alexander, II, Judge

            Robert P. Dwoskin for appellant.

            Stacey W. Moreau (Williams, Stilwell,
            Morrison, Williams and Light, on brief), for
            appellee.


        Glenn Wisdom (husband) appeals a qualified domestic

relations order (QDRO), entered pursuant to Code

§ 20-107.3(K)(4), interpreting his divorce decree to create a

property right in his military retirement pension in favor of

Faith Wisdom (Hyler) (wife).  Husband contends on appeal that 1)

the QDRO effected a substantive change to the decree, which is

barred by Rule 1:1 and 2) even if it wasn't a substantive change,

the trial court's interpretation of the decree is plainly wrong.[1]

 Because we find that the QDRO was not a substantive change and

the trial court's interpretation of the decree is supported by

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

[1]Husband also included in the "Questions Presented" portion
of his brief the issue of whether the wife's action was "time
barred."  Because he failed to brief either the facts or the law
regarding this issue, we will not consider it on appeal.  Rule
5A:20.

both law and fact, we affirm the decision.

On January 2, 1992 the circuit court entered a divorce decree incorporating the couple's separation agreement which set forth a payment scheme by which husband would pay wife fifty percent of husband's military retirement pension starting December 31, 1993. The language of the agreement, however, did not specifically label this split as either spousal support or a property division. On March 18, 1996 wife filed a petition to reopen the decree and requested a QDRO issue enforcing the agreement because husband had not made the agreed payments. Husband argued in the trial court that because wife had remarried and the payments were spousal support, he was relieved from further obligation by Code § 20-109 which requires cessation of spousal support payments upon remarriage of the recipient spouse. The trial court found the agreement to unambiguously reflect the intent of the parties to create a property division and issued a QDRO requiring husband to make the appropriate payments. Husband appealed arguing that the order effected an impermissible substantive change and even if it did not, the trial court's interpretation of the agreement was incorrect.

We address each argument in turn. Husband is correct that Rule 1:1 prohibits "all final judgments, orders, and decrees" from being modified after 21 days. However, because husband's divorce decree also divided his pension, Code § 20-107.3(K)(4) allows courts to issue qualified domestic relations orders to

2

"effectuate the expressed intent of the [decree]." The QDRO may not "modify a final divorce decree simply to adjust its terms in light of the parties' changed circumstances" but must be "consistent with the substantive provisions of the original decree." Caudle v. Caudle, 18 Va. App. 795, 798, 447 S.E.2d 247, 249 (1994); see also Fahey v. Fahey, 24 Va. App. 254, 256-57, 481 S.E.2d 496, 497 (1997) (en banc).

It is clear that orders which alter critical terms of the contract, such as timing or amount of payments, exceed the authority granted under Code § 20-107.3(K)(4). See, e.g., Fahey, 24 Va. App. at 256, 481 S.E.2d at 497 (dividing the actual value of a Keogh account rather than the agreed value was a substantive change); Decker v. Decker, 22 Va. App. 486, 495, 471 S.E.2d 775, 779 (1996) (reducing spousal support by amount of mortgage payments on recipient spouse's house was a substantive change). In the instant case, however, the QDRO did not alter any critical, substantive provision. It merely clarified the intention of the parties at the time they agreed to the divorce. While we recognize that this interpretation will determine whether husband must continue to make payments, the substantive terms of their agreement will not have changed by one iota. Therefore, the trial court's decision to reopen the decree to interpret its meaning was proper. See Smith v. Smith, 3 Va. App. 510, 513, 351 S.E.2d 593, 595 (1986).

We also conclude that the trial court's interpretation was

3

correct.  "On review, we are not bound by the trial court's construction of the contract provision here in issue.  We have an equal opportunity to consider the words within the four corners of the disputed provisions."  Wilson v. Holyfield, 227 Va. 184, 187, 313 S.E.2d 396, 398 (1984) (citations omitted).  "When the terms of a disputed provision are clear and definite, it is axiomatic that they are to be applied according to their ordinary meaning."  Smith, 3 Va. App. at 514, 351 S.E.2d at 595.

Here, the language of the document as well as common sense supports the conclusion that the parties intended to create a property division rather than support payments.  When describing the payment scheme, the parties used the word "divide," which is language used to describe property, not payments.  Additionally, spousal support payments are usually expressed in terms of hard dollar amounts, rather than as a percentage of a fixed amount, such as a pension check.  Further, in Paragraph 9 of the agreement, wife waived all claims to spousal support.  Husband would have us interpret the agreement to provide for both spousal support and the immediate waiver of that support.  We refuse to make such a ludicrous conclusion.  Indeed, a logical reading of the agreement indicates that wife traded spousal support in exchange for a fifty percent interest in husband's pension.

Because we hold that the trial court properly issued the QDRO to effect the intent of the parties and that intent was to create a property interest in favor of wife equal to fifty

4

percent of husband's pension, we affirm the decision of the trial court.

Affirmed.
