# CIRCUIT COURT OF WARREN COUNTY

Barbara June Lewis

v.

Chester W. Lewis

January 10, 2002

Case No. (Chancery) 99-133

BY JUDGE JOHN E. WETSEL, JR.

This case before the Court on the Plaintiff's motion for reconsideration of the form of the QUADRO order dividing the Husband's 401(k) plan. The issue has been argued and briefed, and the Court has decided to grant the Plaintiff's Motion for Reconsideration.

## I. *Statement of Material Facts*

This case was tried on October 26, 2000, and on October 27, 2000, the Court issued a memorandum decision in which it stated: "H's 401(k) is to be divided equally between the parties."

On December 21, 2000, the Final Divorce Decree was entered, which stated in pertinent part on page 3:

> The Husband's retirement account shall be divided equally between the parties. The Husband has a retirement account through his employer, Holman Boiler Repair, in the approximate amount of $95,416. The parties understand that this is in the form of a 401(k).

On July 17, 2001, the Court entered a QUADRO, which had been endorsed by the Husband's counsel, which stated in paragraph 7:

> The amount payable to the Alternate Payee [Wife] shall be one half of the Participant's [Husband] plan benefits as of the trial date of this case which was Ninety-Five Thousand Two Hundred and Twenty-Three Dollars. The Alternate Payee's share is thus Forty-Seven Thousand, Six Hundred and Eleven Dollars and seventy-two cents ($47,611.72).

The Plan was valued by the parties at an amount certain as of the date of the hearing, and one half of that amount was allocated in the July 21, 2001, QUADRO to the wife.

When this QUADRO was presented to the Holman Boiler Repair Retirement Plan and Trust, the Plan objected to the QUADRO on the ground that, since the value of the plan had declined since the hearing date, the Wife was receiving more than half of the plan's value, that ERISA precluded an allocation to the Wife of more than half the plan's value, and that ERISA preempted Virginia equitable distribution law on this point.

## II. *Conclusions of Law*

After twenty-one days, a court loses jurisdiction to make substantive changes to final orders which it enters. Supreme Court Rule 1:1. By statute, the Court may reserve jurisdiction after the entry of a final divorce decree to later enter a QUADRO, as was done in this case. However, after the QUADRO is entered, it becomes subject to the finality provisions of Rule 1:1, and its substantive provisions may not be thereafter changed. *See Fahey v. Fahey*, 24 Va. App. 254, 256, 481 S.E.2d 496 (1996) (retirement account had increased in value since the hearing and Wife moved to change the method by which her share was determined). Upon further consideration, it appears that this case is controlled by the *Fahey* rule, and the allocation method set forth in the July 17, 2001, QUADRO may not be now substantively changed.

The allocation formula sets forth a specific amount of $47,611.72, which was one half of the value of the 401(k) as of the hearing date based on the evidence which the parties had at trial, so the 50% limitation on the amount which could be awarded to the Wife of Virginia Code § 20-107.3(G)(1) was not transgressed. Since the QUADRO set forth a specific amount, it complies with the requirement of ERISA, 29 U.S.C. § 1056(d)(3)(D), that the

QUADRO specify the "amount or percentage of the participant's benefits to be paid by the plan to each alternate payee. ..."

"State law providing for rights and payments under a qualified domestic relations order *are exempt from preemption under ERISA.*" 60A Am. Jur. 2d, *Pensions and Retirement Plans*, § 463. *See* 29 U.S.C. § 1144(b)(7). Accordingly, the Plan's objection to the payment method was not well founded. The 50% rule which the Plan relied on in its argument applied to the survivor's annuity in the event of the death of the participant, *see Boggs v. Boggs*, 118 S. Ct. 9 (1997) (surviving second wife's survivor annuity could be reduced below 50% by Louisiana's community property laws), not to the percentage allocation at the time of trial. This QUADRO as entered was intended by the parties to grant to the Plaintiff one half of the value of the 401(k) as of the date of the hearing, and since more than twenty-one days have elapsed that provision cannot now be changed by this Court. The fact that the fund declined in value after the trial does not alter the result. This case on its facts is the mirror image of *Fahey v. Fahey*, 24 Va. App. 524 (1996).

ERISA benefits are a complex area of the law. Although the Plan's objection was overruled, it was not frivolous, so the motion for sanctions will be denied.

As noted by the Virginia Supreme Court of Appeals in *Kaufman v. Kaufman*, 7 Va. App. 488, 500, 375 S.E.2d 374 (1988), "the amount of counsel fees is a matter for the sound discretion of the trial court, Code §§ 20-79, 20-99, 20-103, and in the absence of an abuse of this discretion, such an award will not be disturbed." *Accord Davis v. Davis*, 8 Va. App. 12, 17, 377 S.E.2d 640 (1989). In the case of *McGinnis v. McGinnis*, 1 Va. App. 272, 277-78, 338 S.E.2d 159, 162 (1985), the Supreme Court of Appeals of Virginia held that:

> We believe the key to a proper award of counsel fees to be reasonableness under all circumstances revealed by the record. Although evidence of time expended by counsel and the charges made to the client is a preferred basis upon which a trial court can formulate a reasonable award, *it is not the only basis.*

(Emphasis added.)

The factors generally to be considered in setting attorney's fees were articulated in detail in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir. 1978) *cert. denied* 439 U.S. 934. Two items of material consideration are the difficulty of the questions raised and the customary fee for like work. "[A] fact finder is required to determine from the evidence what are reasonable

fees under the facts and circumstances of the particular case." *See Beale v. King,* 204 Va. 443, 446, 132 S.E.2d 476, 478 (1963). In determining a reasonable fee, the fact finder should consider such circumstances as the time consumed, the effort expended, the nature of the services rendered, and other attending circumstances." *Mullins v. Richlands Nat'l. Bank,* 241 Va. 447, 449, 403 S.E.2d 334 (1991) (action on note). "An award of attorney's fees is tied to the decision on the merits of the case." *Antonelli v. Antonelli,* 11 Va. App. 89, 95, 396 S.E.2d 698 (1990).

Neither party cited to the Court 29 U.S.C. § 1144(b)(7), which the Court found in ten minutes when it decided to research the issue of preemption. Therefore, Wife's motion for attorney's fees is denied. The needle got lost in the haystack by both parties in this case.

### III. *Decision*

For the forgoing reasons, it is adjudged and ordered that:

1. Plaintiff's Motion for Reconsideration is granted, and the July 17, 2001, QUADRO which ordered that the Wife's share of the Husband 401(k) Plan administered by the Holman Boiler Repair Retirement Plan and Trust was $46,611.72 is valid, shall remain in force, and shall be honored by the Plan.

2. Holman Boiler Repair Retirement Plan and Trust's objections to the July 21, 2001, QUADRO are overruled.

3. Plaintiff's Motion for Sanctions and Attorney's fees is denied.