COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Clements and Senior Judge Coleman
Argued at Richmond, Virginia


CHARLES H. BAKER
                                              OPINION BY
v.    Record No. 2080-01-2          JUDGE JAMES W. BENTON, JR.
                                              JUNE 4, 2002
MILDRED B. BAKER


               FROM THE CIRCUIT COURT OF DINWIDDIE COUNTY
                          Thomas V. Warren, Judge

               Emmet D. Alexander (Gates & Alexander, PLC,
               on brief), for appellant.

               (John H. Click, Jr.; Blackburn, Conte,
               Schilling & Click, P.C., on brief), for
               appellee.  Appellee submitting on brief.


     The sole issue raised by this appeal is whether the

qualified domestic relations order (QDRO) is consistent with the

final decree of divorce.  We hold that it is not, and we reverse

the order and remand for entry of a proper QDRO.

                                  I.

     On July 24, 2000, Mildred B. Baker was divorced from her

husband, Charles H. Baker, by a final decree that affirmed,

ratified, and incorporated their property settlement agreement.

In pertinent part, the agreement contained the following

provision concerning the husband's Philip Morris profit sharing

plan:

> Husband and wife have divided between themselves to their mutual satisfaction all intangible marital personal property. The wife shall have one-half of husband's profit sharing from [Philip] Morris, valued as of the date of this agreement. The wife shall have her retirement, profit sharing, and any proceeds in her separate bank account. The husband shall retain the remaining one-half of his profit sharing at [Philip] Morris.

A year later, the wife filed a motion for entry of a QDRO. At a hearing on that motion, the parties agreed, and the trial judge found, that the value of one-half of the profit sharing plan at the date of the agreement was $37,946.93. The wife contended, however, that she was entitled to receive "gains and losses allocated" to that amount from the date of the agreement. The husband contended that under the agreement the wife was entitled to "a specific amount determined by a very specific date," that the agreement did not provide for an adjustment for gains and losses, and that under Rule 1:1 the decree was final and not subject to modification. After considering these arguments, the trial judge entered a QDRO which provided that the wife was entitled to receive the following: "$37,946.93 as of December 31, 1999. Gains and losses will be allocated from the specified date."

This appeal followed.

## II.

When a trial judge affirms, ratifies, and incorporates a property settlement agreement into a final decree of divorce, that agreement becomes, "for all purposes . . . a term of the decree, . . . enforceable in the same manner as any provision of such decree." Campbell v. Campbell, 32 Va. App. 351, 356, 528

S.E.2d 145, 147 (2000). "It is well settled that [such an] equitable distribution [decree] become[s] final within twenty-one days of entry." Hastie v. Hastie, 29 Va. App. 776, 780, 514 S.E.2d 800, 802 (1999). The record reflects that neither party appealed from the final decree of divorce.

A trial judge's power to modify a final decree of divorce after the twenty-one day period has expired is limited. Pertinent to the issue raised by this appeal, that power is governed by the following statute:

> The court shall have the continuing authority and jurisdiction to make any additional orders necessary to effectuate and enforce any order entered pursuant to this section, including the authority to:
>
>    \*     \*     \*     \*     \*     \*     \*
>
> Modify any order . . . intended to affect or divide any pension, profit-sharing or deferred compensation plan or retirement benefits pursuant to the United States Internal Revenue Code or other applicable federal laws, only for the purpose of establishing or maintaining the order as a qualified domestic relations order or to revise or conform its terms so as to effectuate the expressed intent of the order.

Code § 20-107.3(K)(4) (emphasis added). Thus, we have held that "[t]he QDRO may not 'modify a final divorce decree simply to adjust its terms in light of the parties' changed circumstances' but must be 'consistent with the substantive provisions of the [final] decree [of divorce].'" Hastie, 29 Va. App. at 780, 514 S.E.2d at 803 (citation omitted).

We addressed a similar scheme for the division of property

in Fahey v. Fahey, 24 Va. App. 254, 481 S.E.2d 496 (1997).
There, the parties by agreement "allotted 'one-half of the accrued value of the plan as of July 28, 1994,' the date of the agreement, to [the appellee]." Id. at 256, 481 S.E.2d at 497. The trial judge, however, entered a QDRO "which assigned to [the appellee] 'one-half of the shares of the Plan as of July 28, 1994, together with any appreciation or depreciation that has accrued since that time until the time of distribution.'" Id. Reversing the order, we held as follows:

> [T]he manifest intent of the original order was to allot [the appellee] one-half of the value of the . . . account on July 28, 1994. We recognize that this method of division later disfavored her because the account increased in value, but the court was without authority to substantively modify its order simply to redress this changed circumstance. Accordingly, we reverse the amended QDRO and direct the trial court to decree distribution of the . . . assets pursuant to the original [order].

Id. at 257, 481 S.E.2d at 497. See also Ragsdale v. Ragsdale, 30 Va. App. 283, 289-90, 516 S.E.2d 698, 701 (1999) (holding that where the parties agreed to allot to the wife a one-half value of an account as determined on a specific date, the trial judge properly ruled that the allotted value did not include any appreciation of value to the account); Hastie, 29 Va. App. at 782, 514 S.E.2d at 803 (holding that after the parties agreed upon an allotment of a fixed value of an account to the wife, the trial judge had no authority to enter a QDRO that changed the allotment when the original method of division disfavored the wife due to the account's increased value).

In this case, the final decree of divorce, which affirmed,

ratified, and incorporated the property settlement agreement, is unambiguous in providing an allotment to the wife of one-half of the profit sharing plan "valued as of the date of [the] agreement."  The parties agreed that amount was $37,946.93.  The agreement did not additionally provide for an allocation of gains and losses to that amount.  Accordingly, we reverse the entry of the QDRO, which allocates to the wife gains and losses attributable to the $37,946.93 value, and we remand to the trial court for entry of a QDRO consistent with the final decree.

<u>Reversed and remanded</u>.