COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Annunziata and Agee
Argued at Alexandria, Virginia


LORETTA A. McMANUS
                                    MEMORANDUM OPINION* BY
v.   Record No. 0731-02-4          JUDGE LARRY G. ELDER
                                    NOVEMBER 19, 2002
STEVEN J. NEUSCHULZ


            FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                      R. Terrence Ney, Judge

        Dorothy M. Isaacs (Cory A. Frederick;
        Surovell Markle Isaacs & Levy PLC, on
        briefs), for appellant.

        David E. Roop (Dov M. Szego; Condo &
        Masterman, P.C., on brief), for appellee.


     Loretta McManus (wife) appeals from an order entered

February 21, 2002, dividing certain property owned by her and

her former husband, Steven J. Neuschulz (husband).  On appeal,

she contends the trial court erroneously divided the disputed

property based on 2001 account values rather than the values set

out in the parties' property settlement agreement of October 8,

1993, which was incorporated into the parties' 1993 divorce

decree.  In the alternative, she contends that the 2001

valuation failed to take into consideration her post-separation

contributions to her Lufthansa 401(k) plan and, thus,

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

erroneously awarded husband a portion of those contributions and their growth. Finally, she contends the trial court abused its discretion in awarding husband attorney's fees and costs.

We hold that the trial court erroneously divided the disputed property based on 2001 account values rather than the 1993 values set out in the parties' property settlement agreement. Thus, wife's post-agreement contributions to the account were irrelevant to the division, and we need not reach wife's second assignment of error. Finally, because we hold that wife should have prevailed on the question of the values to be used in making the division, we remand to the trial court to reconsider its award of attorney's fees and costs. Thus, we reverse and remand.

I.

A.

PRESERVATION OF VALUATION ISSUE FOR APPEAL

Rule 5A:18 provides that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." As we previously have made clear, a party "may meet the mandates of Rule 5A:18 in many ways." Lee v. Lee, 12 Va. App. 512, 515, 404 S.E.2d 736, 738 (1991) (en banc). The party

-

> may make clear the ground for his objection in a motion to strike the evidence[,] . . . closing argument[,] . . . a motion to set aside the verdict or a motion to reconsider. Likewise, [a party] may, <u>if he or she has previously failed to do so</u>, include an objection, and the reasons therefor in the final order . . . .

<u>Id.</u> at 515-16, 404 S.E.2d at 738 (emphasis added) (citations omitted).

Thus, the Supreme Court has held that where a party "during [a specific motion hearing] repeatedly made known to the court his position," filed a timely motion for rehearing arguing the same grounds, and endorsed the final order as "'SEEN: and <u>all</u> Exceptions noted,'" the party sufficiently preserved his stated position for appeal. <u>Id.</u> at 516, 404 S.E.2d at 738 (quoting <u>Wiedman v. Babcock</u>, 241 Va. 40, 44, 400 S.E.2d 164, 167 (1991)). As Code § 8.01-384 expressly states,

> Formal exceptions to rulings . . . [are] unnecessary; but for all purposes for which an exception has heretofore been necessary, it shall be sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take or his objections to the action of the court and his grounds therefor.

Here, the court made the first ruling to which wife objects in its order of October 12, 2001, when it held that "the parties shall equally divide <u>the present value</u> of the accounts listed in Paragraph 1 of the Property Settlement Agreement." (Emphasis added). At the December 14, 2001 hearing, wife specifically

-

argued that the accounts should be divided as per the 1993 agreement and that husband was due only $18,000. In entering the February 21, 2002 order, the trial court noted generally "wife's exceptions to this order." Thus, wife's specific objection to the use of 2001 account values rather than 1993 account values as contained in the agreement was sufficient to preserve this issue for appeal.

B.

### INTERPRETATION OF THE PARTIES' AGREEMENT AND APPRECIATION IN VALUE OF ACCOUNTS

On appeal, wife contends the trial court erred in ordering her to execute a qualified domestic relations order (QDRO) requiring a transfer of funds to husband which was based on the 2001 values of their marital accounts rather than the values the parties assigned to those accounts in their 1993 property settlement agreement. Wife relies on our decision in Fahey v. Fahey, 24 Va. App. 254, 481 S.E.2d 496 (1997) (en banc), in support of her argument. Based on the language of the agreements at issue, we hold that Fahey is controlling, and we reverse the ruling of the trial court.

Fahey involved a property settlement agreement in which the parties agreed to divide three Keogh accounts owned by Mr. Fahey. Id. at 255-56, 481 S.E.2d at 496. The agreement valued the accounts at $214,000 and required Mr. Fahey to "'promptly arrange to transfer to [Mrs. Fahey] one-half (1/2) of each of

-

these accounts . . . [,] pursuant to a [QDRO], if requested by either party.'" Id. at 256, 481 S.E.2d at 496. The agreement, dated July 28, 1994, was incorporated into a consent order dated August 31, 1994. Id. at 256-57, 481 S.E.2d at 496. A dispute arose over the division, but the parties were able to resolve it. At the request of the parties, the court entered an order of June 6, 1995, which established a QDRO for the account referred to as the "IDEX" plan. Id. at 256, 481 S.E.2d at 496-97. That QDRO "allotted 'one-half of the accrued value of the Plan as of July 28, 1994,' the date of the agreement, to Mrs. Fahey, and neither party appealed that order." Id. at 256, 481 S.E.2d at 497.

A dispute then arose between the Faheys over whether the amount divided should include appreciation on the account after the date of the July 28, 1994 agreement. Id. The court concluded that it should and entered an amended QDRO, "which assigned to Mrs. Fahey 'one-half of the shares of the Plan as of July 28, 1994, together with any appreciation or depreciation that has accrued since that time until the time of distribution.'" Id.

On appeal, we noted that the court retained the authority under Code § 20-107.3(K)(4)

> "to revise or conform [the] terms [of the
> QDRO] so as to effectuate the expressed
> intent of the [original decree]," Code
> § 20-107.3(K)(4), provided such modification
> is "consistent with the substantive

-

> provisions of the original decree" and not "simply to adjust its terms in light of the parties' changed circumstances[,]" Caudle v. Caudle, 18 Va. App. 795, 798, 447 S.E.2d 247, 249 (1994).

Id. at 256-57, 481 S.E.2d at 497. Based on the language in the "original order" of July 28, 1994, which valued the accounts at $214,000 and directed that Mr. Fahey "promptly" transfer to Mrs. Fahey "one-half (1/2) of each of these accounts," we held that the "manifest intent of the original order was to allot Mrs. Fahey one-half of the value of the IDEX account on July 28, 1994." Id. at 256-57, 481 S.E.2d at 496-97. We "recognize[d] that this method of division later disfavored Mrs. Fahey because the account increased in value," but we held that "the court was without authority to substantively modify its order to redress this changed circumstance." Id. at 257, 481 S.E.2d at 497; see also Wilson v. Wilson, 25 Va. App. 752, 758, 492 S.E.2d 495, 498 (1997) (holding that court entering QDRO "was without authority to substantively modify its original order equitably distributing [Mr. Wilson's] pension benefits, irrespective of any agreement by the parties to the contrary" because "[t]he jurisdiction of the court cannot be established by consent").

In reaching this decision in Fahey, we rejected the view advanced by the panel dissent. See Fahey v. Fahey, Nos. 2477-95-4, 2773-95-4 (Va. Ct. App. July 23, 1996). That dissent emphasized the parties' agreement to divide the assets both "equally" and "promptly." Id. It noted that if one-half of Mr.

-

Fahey's Keogh accounts had been distributed "promptly" after entry of the consent order, the dispute over how to distribute the appreciation in the plans likely would not have arisen. Thus, the dissent would have held that failure to divide the accounts promptly required the court to ignore the dollar value the agreement placed on the accounts and to divide the accounts equally to effectuate the parties' intent.

Here, the parties' agreement set out the total value of the listed funds as "equal[ling] $95,632.47" and expressly stated that "[t]his figure should be divided by two to determine the amount of money each party is to equally receive, to-wit: $47,816.24." Thus, here, as in Fahey, the parties not only agreed to divide the accounts equally but also placed a dollar value on the accounts and indicated that the division should occur promptly, "within thirty days of the execution of [the] Agreement." See also Hastie v. Hastie, 29 Va. App. 776, 514 S.E.2d 800 (1999) (holding that where order made award of specific percentage of pension but used the phrase, "to-wit," to link that percentage to a specific dollar amount, trial court could not alter that dollar amount when pension, and thus spouse's proportional share, subsequently increased in value).

As we held in Fahey, the parties' failure to comply with the time provisions of the agreement did not permit the court to adjust the values they had placed on the accounts or the manner in which the agreement proposed to divide those values. 24

-

Va. App. at 257, 481 S.E.2d at 497.  Thus, despite the fact that "this method of division later disfavored [husband] because the account increased in value, . . . the court was without authority to substantively modify its order to redress this changed circumstance."  Id. at 257, 481 S.E.2d at 497.

Despite husband's contention to the contrary, the parties' failure to specify in the agreement which accounts belonged to which spouse is not dispositive.  Although the agreement did not specifically list all of the accounts belonging to each spouse, the record from the present proceedings contains sufficient evidence of this fact to permit a determination that the 1993 value of husband's accounts equals $29,739.76, and the 1993 value of wife's accounts equals $65,892.71.[1]  Thus, a total of $18,076.47 is due from wife to husband.

Because the court should have used the 1993 values for the accounts as listed in the agreement, wife's post-separation contributions and withdrawals, if any, to the Lufthansa 401(k) account are irrelevant to its value in this proceeding, and we need not consider her claim that the trial court erroneously failed to consider those contributions in calculating the value of the account.

---

[1] The court's October 12, 2001 order directed wife to provide statements for the Lufthansa 401(k), Vanguard Prin LN, and Vanguard-UAL accounts.  It directed husband to provide statements for the remaining six accounts listed in paragraph 1 of the agreement.  The exhibits husband presented confirmed that these accounts were in his name.

-

C.

ATTORNEY'S FEES AND COSTS

Wife also challenges the trial court's award of attorney's fees to husband. Husband contends wife failed to preserve this issue for appeal.

We hold that wife's objection to the trial court's indication in its show cause decree of October 12, 2001, that it was considering an award of attorney's fees and costs was sufficient to preserve for appeal her objection to the award subsequently made. Further, her objection on appeal is expressly linked to her claim, properly preserved below, that the valuation of accounts should have occurred based on 1993 values. Thus, we review the trial court's award of attorney's fees and costs. Because the trial court's order is silent on the basis for its award of fees and costs and we reverse its decision regarding the date on which the accounts should be valued, we vacate the award of attorney's fees and costs and remand to the trial court to consider anew whether to award attorney's fees and costs and, if so, in what amount.

II.

For these reasons, we hold that the trial court erroneously divided the disputed property based on 2001 account values rather than the 1993 values set out in the parties' property settlement agreement, and we remand to the trial court to enter an appropriate order dividing the property. We vacate the award

-

of attorney's fees and costs and remand that issue for consideration anew.

<u>Reversed and remanded.</u>
