COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Clements and Senior Judge Annunziata


JEFFREY CASSELL

v.      Record No. 3001-07-3

DIANA BILLIPS, F/K/A
  DIANA CASSELL

MEMORANDUM OPINION*
PER CURIAM
JULY 15, 2008


FROM THE CIRCUIT COURT OF SMYTH COUNTY
Larry B. Kirksey, Judge

(Monica Taylor Monday; Gentry Locke Rakes & Moore, on briefs),
for appellant.

(Nancyjean Bradford; Bradford & Smith, on brief), for appellee.


Jeffrey Cassell (husband) and Diana Billips, f/k/a Diana Cassell (wife), were divorced by

decree on November 15, 2007.  Husband appeals the trial court's decision regarding the division

of his benefit with the Virginia Retirement System (VRS).  Husband argues that the trial court

should have included his salary as of the date of separation in the formula that divided the

marital share of his retirement.  Upon reviewing the record and briefs of the parties, we conclude

that this appeal is without merit.  Accordingly, we summarily affirm the decision of the trial

court.  See Rule 5A:27.

BACKGROUND

Husband and wife married on June 21, 1986, separated on January 5, 2001, and divorced

on November 15, 2007.  Throughout the marriage of the parties, husband earned retirement

benefits through VRS, first as a schoolteacher and then as a principal.  The final decree stated

_____

    * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

that wife should receive fifty percent of the marital share of husband's VRS, "when, as and if Husband becomes eligible to receive same." The trial court defined the marital share as "a fraction, the numerator of which shall be 14.33 (representing the number of years earned in the retirement system during the marriage) and the denominator of which is x (representing the number of years earned in the retirement system at the time Husband begins to receive retirement benefits)." Husband argues that the formula is inequitable as it will enable wife to benefit if his salary increases post-separation.

## ANALYSIS

On appeal, "[a] decision regarding equitable distribution rests within the sound discretion of the trial court and will not be disturbed unless it is plainly wrong or without evidence to support it." Holden v. Holden, 31 Va. App. 24, 26, 520 S.E.2d 842, 844 (1999) (citing McDavid v. McDavid, 19 Va. App. 406, 407-08, 451 S.E.2d 713, 715 (1994)).

Code § 20-107.3(G) defines the marital share of a retirement plan as "that portion of the total interest, the right to which was earned during the marriage and before the last separation of the parties . . . ." In Primm v. Primm, 12 Va. App. 1036, 1037-38, 407 S.E.2d 45, 46-47 (1991), the Court adopted the formula that is now widely used by courts in dividing the marital share of pensions: the numerator is the number of years from the date of marriage until the date of separation and the denominator is the number of years the employee is employed until retirement. See also Turner v. Turner, 47 Va. App. 76, 81, 622 S.E.2d 263, 266 (2005); Mann v. Mann, 22 Va. App. 459, 464, 470 S.E.2d 605, 607 (1999); Mosley v. Mosley, 19 Va. App. 192, 198, 450 S.E.2d 161, 165 (1994).

Husband is asking the court to adopt a different formula based on his salary as of the date of separation. He believes that wife will unfairly benefit from any post-marital salary increases. However, the formula used by the trial court takes into consideration the pre-marital and

post-marital contributions because the "fraction diminishes the marital share in relation to the number of years that pre- and post-marital contributions are made." Mann, 22 Va. App. at 465, 470 S.E.2d at 607-08.

In McGinniss v. McGinniss, 49 Va. App. 180, 189, 638 S.E.2d 697, 701 (2006), the Court held that it was error to value "wife's marital share of husband's pension as if husband retired on the date of the parties' separation" even though husband was not eligible for retirement. Husband is asking the Court to value wife's marital share based on his salary at the time of the separation because he does not want her to receive any benefit of his post-marital salary increases. "'It is only fair that both parties share in the increased value of the pension.'" Banagan v. Banagan, 17 Va. App. 321, 325, 437 S.E.2d 229, 231 (1993) (quoting Primm, 12 Va. App. at 1038, 407 S.E.2d at 47).

The record supports the trial court's finding that husband's VRS benefit be divided according to the formula with the numerator as the number of years from the date of marriage to the date of separation and the denominator as the number of years that the employee is employed until retirement, and the formula shall not be limited by husband's salary as of the date of separation. Accordingly, we summarily affirm the judgment, award attorney's fees to wife for this appeal, and remand to the trial court for a determination of the appropriate fee award. See Rule 5A:27.

Affirmed and remanded.