COURT OF APPEALS OF VIRGINIA

Present:  Judges Kelsey, Beales and Senior Judge Clements

ALYSA N. YOUNGSON

                                                                    MEMORANDUM OPINION[*]
v.       Record No. 1205-13-4                                              PER CURIAM
                                                                         APRIL 29, 2014
CHRISTOPHER E. BRAUTIGAM

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Jane Marum Roush, Judge

(Alysa N. Youngson, *pro se*, on briefs).

(Patrick R. Woolley; Woolley Stout PLLC, on brief), for appellee.

Alysa N. Youngson appeals from an order which "denied/dismissed" her bill of review.

Youngson argues that the trial court erred by (1) denying/dismissing her bill of review without a

hearing, "rather than enter a default judgment, after Mr. Brautigam entered an appearance, but failed

to file an Answer or Demurrer"; (2) issuing a "permanent injunction (a) that was not pled or noticed

and (b) when the court lacked jurisdiction"; (3) issuing a "permanent injunction that (a) amounted to

a Constitutionally-impermissible prior restraint, (b) was vague and overbroad in both scope and

duration, and (c) did so without making the required findings of fact"; and (4) awarding attorney's

fees because "the award was contrary to the Parties' Property Settlement Agreement and counsel

made false statements of fact in support of the requested amount."  By way of cross-error,

Christopher E. Brautigam argues that the trial court erred when it denied his motion for attorney's

fees and his motion for reconsideration because the property settlement agreement and final decree

allowed for an award of attorney's fees.  Upon reviewing the record and briefs of the parties, we

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

conclude that the arguments presented by the parties are without merit. Accordingly, we summarily

affirm the decision of the trial court. See Rule 5A:27.

BACKGROUND

On October 28, 2009, the parties entered into a property settlement agreement (the PSA),

which included a section titled "No Harassment / Mutual Cooperation." The PSA was incorporated

into the final decree of divorce on November 10, 2009.

In 2012, Brautigam filed a petition for a show cause against Youngson and alleged that she

violated the PSA's anti-harassment clause. On May 24, 2012, the trial court entered a rule to show

cause, requiring Youngson "to show cause, if any she can, why she has failed to obey the aforesaid

Decree of this court."

After several continuances, the parties presented evidence and argument on January 17,

2013. The trial court entered an order on January 22, 2013. It found that Youngson was in

violation of the final decree and ordered her to pay $15,990 of Brautigam's attorney's fees. The

order also included a provision prohibiting Youngson from contacting Brautigam "for any reason

that does not relate to the custody, visitation, or support of their daughter . . . ." Youngson noted her

objection to the finding of contempt, but she did not appeal the order.[1]

On May 3, 2013, Youngson filed a bill of review, pursuant to Code § 8.01-623. She asked

the trial court "to re-examine and reverse, annul or otherwise modify this Court's Order of January

22, 2013." On May 23, 2013, the trial court removed the matter from the docket.

On June 7, 2013, Youngson filed a "Motion Seeking Leave of Court to File a Bill of Review

in accordance with Va. Ann. Code § 8.01-623." The parties appeared before the trial court on June

14, 2013. That same day, the trial court entered an order denying the motion for leave of court and

---

[1] On February 1, 2013, Youngson filed a motion to stay the January 22, 2013 order and asked for time to prepare and file a motion to reconsider. The record does not include an order staying the January 22, 2013 order, nor does it contain a motion to reconsider.

denying Brautigam's request for attorney's fees.[2] The order also stated that the "Motion for Bill of Review is denied/dismissed." Youngson's counsel endorsed the June 14, 2013 order as "Seen and not agreed as to motion to leave is denied along with motion for bill of review is denied/dismissed." This appeal followed.

## ANALYSIS

### *Bill of Review – Assignment of Error #1*

Youngson argues that the trial court erred in denying/dismissing her bill of review without a hearing. She contends the trial court should have entered a default judgment because Brautigam did not file an answer or demurrer to her bill of review.

> A court allowing a bill of review may award an injunction to the decree to be reviewed. But no bill of review shall be allowed to a final decree, unless it be exhibited within six months next after such decree . . . . In no case shall such a bill be filed without the leave of court first obtained, unless it be for error of law apparent upon the face of the record.

Code § 8.01-623.

"[A] bill of review is limited in scope and is rarely utilized in Virginia procedure. Indeed, in modern appellate practice wherein most litigants have a statutory right to appeal from judgments of trial courts, use of a bill of review is discouraged." Blunt v. Lentz, 241 Va. 547, 550, 404 S.E.2d 62, 63-64 (1991).

Youngson did not note her specific objection as raised in her first assignment of error on the June 14, 2013 order. See Rule 5A:18. However, in a bench trial, an appellant can preserve her issues for appeal in a motion to strike, in closing argument, in a motion to set aside the verdict, or

---

[2] On July 3, 2013, Brautigam filed a motion to reconsider the denial of the attorney's fees and acknowledged that the trial court would lose jurisdiction over the matter on July 5, 2013. The record does not include an order to stay or suspend the June 14, 2013 order. On July 18, 2013, the trial court entered an order stating that it no longer had jurisdiction to consider the motion.

in a motion to reconsider.  Lee v. Lee, 12 Va. App. 512, 515, 404 S.E.2d 736, 738 (1991) (en banc).  Youngson did not file a motion to reconsider or to set aside the verdict.

Contrary to Youngson's assertion, a hearing occurred on June 14, 2013.  A transcript of the hearing was filed late and is not part of the record.  See Rule 5A:8.  Therefore, we do not know what arguments Youngson made at the hearing.  Without a timely filed transcript, this Court is unable to determine whether Youngson's first assignment of error was preserved.  Rule 5A:18.

*January 22, 2013 order – Assignments of error #2, 3, and 4*

Youngson argues that the trial court erred in ordering that she is not allowed to have any contact with Brautigam, except in matters associated with their daughter.  She contends the trial court erred in issuing a "permanent injunction" because it was not properly pled or noticed, so the court did not have jurisdiction to make such a ruling.  She also asserts that the injunction is unconstitutional, vague, and overly broad, and not based on findings of fact.  Youngson raised these issues for the first time in her bill of review.

In addition, to the above arguments, Youngson contends the trial court erred in ordering her to pay $15,990 of Brautigam's attorney's fees because the award was contrary to the PSA.  She also alleges that Brautigam's counsel made false statements regarding the amount of fees.

As noted above, the transcript of the June 14, 2013 hearing was not timely filed.  The transcript of the January 22, 2013 hearing was filed at the same time, so it is not part of the record either.  The transcripts for these two hearings are indispensable to the review of the second, third, and fourth assignments of error.  See Anderson v. Commonwealth, 13 Va. App. 506, 508-09, 413 S.E.2d 75, 76-77 (1992); Turner v. Commonwealth, 2 Va. App. 96, 99-100, 341 S.E.2d 400, 402 (1986).

Furthermore, we note that Youngson's notice of appeal included the January 22, 2013 order, as well as the June 14, 2013 order.  The January 22, 2013 order became final on February

12, 2013, Rule 1:1, and the time to appeal the order expired on February 21, 2013, Rule 5A:6(a). Youngson did not appeal the January 22, 2013 order, so it became the law of the case. See Norris v. Mitchell, 255 Va. 235, 240, 495 S.E.2d 809, 812 (1998) (holding that an order became final and the law of the case when it was not appealed and that the Court will consider that "order as correctly entered"); Turner v. Turner, 47 Va. App. 76, 82 n.1, 622 S.E.2d 263, 266 n.1 (2005).

*Brautigam's request for attorney's fees*

Brautigam argues that the trial court erred in denying his motion for attorney's fees and his motion to reconsider. He contends the PSA allowed for an award of attorney's fees. Brautigam did not file a pleading prior to the June 14, 2013 hearing, so we assume that his request for attorney's fees was made orally at the hearing. As noted above, the transcript for the June 14, 2013 hearing was not timely filed, and it is indispensable to a review of this assignment of error. Without the transcript, and because Brautigam did not note an objection on the order, we are unable to determine whether Brautigam preserved this assignment of error.

After the hearing, Brautigam filed his motion to reconsider on July 3, 2013. He acknowledged that the trial court would lose jurisdiction over the matter on July 5, 2013. Although Brautigam timely filed his motion to reconsider, he did not seek an order staying or suspending the June 14, 2013 order. The trial court lost jurisdiction to consider the motion to reconsider and entered an order accordingly on July 18, 2013.

Brautigam also asks this Court to award him attorney's fees incurred on appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). Having reviewed and considered the entire record in this case, we hold that Brautigam is entitled to a reasonable amount of attorney's fees and costs, and we remand for the trial court to set a reasonable award of attorney's fees and costs incurred by him in this appeal.

- 5 -

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27. We remand this case to the trial court for determination and award of the appropriate appellate attorney's fees and costs, which also should include any additional attorney's fees and costs incurred at the remand hearing.

Affirmed and remanded.